IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BONNIE HYNOSKI, | : | |
| STEPHEN HYNOSKI, | : | |
| CHRISTINE HYNOSKI, | : | |
| TOM HYNOSKI, | : | |
| THE BOROUGH OF CENTRALIA, | : | |
| HAROLD MERVINE, | : | |
| JOHN KOSCHOFF, | : | |
| HELEN HYNOSKI AND | : | |
| WALTER HYNOSKI, | : | |
| | : | Case No. 4:10-CV-2222 |
| Plaintiffs | : | |
| | : | |
| v. | : | (Judge Brann) |
| | : | |
| | : | |
| COLUMBIA COUNTY | : | |
| REDEVELOPMENT AUTHORITY, | : | |
| ROSENN JENKINS | : | |
| AND GREENWALD, LLP, | : | |
| JOHN T ZELINKA, GARY TAROLI, | : | |
| BLASCHAK COAL CORP., | : | |
| STEVEN FISHMAN, | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, | : | |
| DEPT. OF COMMUNITY AND | : | |
| ECONOMIC DEVELOPMENT | : | |
| AND C. ALAN WALKER, | : | |
| | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**
July 24, 2013

This civil action, brought pursuant to the Civil Rights Act of 1871, 42

U.S.C. § 1983, and commenced on October 27, 2010, proceeds on the Amended Complaint and arises from eminent domain proceedings conducted in Pennsylvania state court. Before the Court is Defendant Columbia County Redevelopment Authority's ("CCRA"), Motion for Reconsideration. May 3, 2013, ECF No. 115. For the reasons discussed herein, the motion will be denied.

I. **BACKGROUND**

The facts giving rise to the instant litigation are fully set forth in this Court's April 19, 2013 Order granting in part and denying in part Defendants' motions to dismiss. ECF No. 114. In 1962, an underground mine fire was discovered in the Borough of Centralia, Columbia County, Pennsylvania. Despite voluntary and involuntary relocation programs spanning over two decades, Plaintiffs continue to believe that the underground mine fire never posed a threat to the health or safety of its residents, but was instead used as a pretext to justify removing all residents from the land under which the fire burned, and allow access to billions of dollars worth of coal which could then be mined by defendant Blaschack. See Amd. Compl. ¶¶ 44-45, ECF No. 54.

The Amended Complaint alleges violations of Plaintiffs' due process, equal protection, and First Amendment rights. ECF No. 54. After considering four motions to dismiss, the Court ultimately dismissed eight Plaintiffs and six

Defendants from this action. ECF No. 114. CCRA, one of only two remaining Defendants, has filed a motion for reconsideration (ECF No. 115) of the Court's ruling on its motion to dismiss (ECF No. 35). Specifically, CCRA asks the Court to reconsider its decision that Defendant is not immune from suit under either the Eleventh Amendment or the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. C.S. § 8541 et seq.

## II. DISCUSSION

### A. LEGAL STANDARDS

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion ...; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café, by Lou Ann, Inc., v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Ogden v. Keystone Residence, 226 F.Supp.2d 588, 606 (M.D.

3

Pa. Oct. 2002) (McClure, J.) "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." Hill v. Tammac Corp., No. 05 1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 2006) (Kane, J.) citing McDowell Oil Service, Inc. v. Interstate Fire and Cas. Co., 817 F.Supp. 538, 540 (M.D. Pa. 1993) (McClure, J.)

In the case at bar, Defendant claims that revisiting the April 19, 2013 Order is necessary to correct a "clear error of law." Def. Mot. to Recons., May 3, 2013, ECF No. 115.

B. MOTION FOR RECONSIDERATION

Defendant admits that its claim to immunity from suit was not propounded or argued in its brief accompanying the motion to dismiss (ECF No. 65), but only appears in paragraph twelve (12) of the motion itself (ECF No. 35). The Court did not consider this passing reference to an immunity argument for the same reason that the motion for reconsideration will be denied – because it is without merit.

CCRA claims that the Court's acknowledgment that Defendant is a "state actor for purposes of § 1983 liability" serves to confirm its immunity from suit as a state under the Eleventh Amendment. Defendant confuses what it means to be a "state actor" subject to liability under § 1983 and who is a state entity for Eleventh Amendment purposes. The two are not co-extensive. Indeed, they could not be or

no party could ever be held liable under 42 U.S.C. § 1983.

The former is a prerequisite for liability to attach under 42 U.S.C. § 1983 in that only persons acting "under color of state law" can be held liable for constitutional violations. See 42 U.S.C. § 1983. This does not, however, include states (see Arizonans for Official English v. Arizona, 520 U.S. 43, 69 (1997)), their agencies (see Howlett v. Rose, 496 U.S. 356, 365 (1990)), or purely private parties (see Lugar v. Edmondson Oil Co., 457 U.S. 922, 930 (1982)). It is the Eleventh Amendment which bars the liability of states and their agencies.

The CCRA, by contrast, is a "municipal authority created pursuant to the Municipal Authorities Act of 1945." Def. Mot. for Recons. 8, May 3, 2013, ECF No. 116. While the Municipal Authorities Act of 1945 was repealed and rewritten in 2001, (see 53 P.S. § 301 et seq., 53 Pa. C.S.A. § 5602), the controlling statute continues to define a "municipal authority" as "the body or board authorized by law to enact ordinances or adopt resolutions for the particular municipality" and includes those authorities which were created under the Municipal Authorities Act of 1945. 53 Pa. C.S.A. § 5602. In this case, that municipality is Columbia County and the pertinent authority is the CCRA. As such, CCRA is specifically granted the power, inter alia, of eminent domain and to sue and be sued. 53 Pa. C.S.A. § 5607(d)(2),(15).

Defendant agrees with the allegations in the Amended Complaint that CCRA is a "municipal creature for purposes of 42 U.S.C. § 1983," but fails to appreciate that municipalities, while "state actors," are not "states" which are shielded by Eleventh Amendment immunity. See Def. Mot. for Recons. 9, May 3, 2013, ECF No. 116. In fact, as Plaintiffs point out, municipalities may be sued under 42 U.S.C. § 1983 by way of the theory of liability enumerated in <u>Monell v. Department of Social Services of the City of New York</u>, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (municipal liability must rest on the actions of the municipality by way of a policy, regulation or decision, and not on the actions of the employees of the municipality).

Defendant's reliance on the Pennsylvania Political Subdivision Tort Claims Act is also misplaced. As its name makes clear, immunity under this Act applies only to tort claims. The instant litigation, and the claim asserted against CCRA, arises from the federal Civil Rights Act of 1871, 42 U.S.C. § 1983, over which this Court exercises federal question jurisdiction. Accordingly, the state law to which Defendant cites is inapplicable to these claims.

In its Reply Brief to the Motion for Reconsideration, CCRA raises, for the first time, an argument that the Amended Complaint fails to properly plead a claim against it for municipal liability. ECF No. 124. Regardless of its merits,

Defendant offers no reason why this argument could not have been raised in its motion to dismiss filed on December 29, 2010. Because such an argument is entirely legal in nature, there are no new facts or evidence that might warrant review in a motion for reconsideration. In fact, it appears as though Defendant merely neglected to include this argument in its motion to dismiss and became aware of its omission only when Plaintiffs alluded to the municipal liability issue in their Opposition Brief. ECF No. 122.

As noted above, this is not the proper purpose of a motion for reconsideration. See McDowell Oil Service, Inc., 817 F.Supp. at 541 (motion is not to be used as a means to put forward additional arguments which it could have made but neglected to make before judgment). Accordingly, the Court does not consider Defendant's argument that the Amended Complaint fails to properly plead municipal liability and will deny the motion.

## III. CONCLUSION

For the reasons discussed herein, Defendant CCRA's Motion for Reconsideration will be denied. An appropriate Order follows.

BY THE COURT:

s/Matthew W. Brann
Matthew W. Brann
United States District Judge